# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT JENKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RUSSELL RICHARDSON, )<br>)<br>Defendant. )<br>_____) | No. 3:20-cv-0086-HRH |

## O R D E R

### Motion to Dismiss Punitive Damages Claim

Defendant Russell Richardson moves to dismiss plaintiff Robert Jenkins' punitive damages claim.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

### Facts

"On August 1, 2018, [defendant] was driving eastbound on 5th Avenue in Anchorage, Alaska approaching the intersection with Reeve Circle at approximately 12:08 p.m."[3] "At that location, eastbound 5th Avenue is three lanes, consisting from left to right [of] a

---

[1] Docket No. 12.

[2] Docket No. 17.

[3] Affidavit of Russell Richardson at 2, ¶ 3, Exhibit A, Memorandum in Support of Defendant's Motion to Dismiss Punitive Damages Claim, Docket No. 13.

-1-

dedicated left-hand turn lane, a center through lane and a right-hand curbside through lane."[4] Defendant was "traveling in the center through lane, attempting to merge to the right-hand through lane" as he "approached Reeve Circle."[5] Defendant avers that he was "attempting to clear [his] blind spot" and thus "failed to notice that the traffic light at the Reeve Circle intersection had turned red."[6] Defendant ran the red light "and collided with the vehicle driven by Phyliss Arce, and in which [plaintiff] was a passenger."[7]

Plaintiff testified that Arce and he were "sitting on" a red light, waiting for it to "turn green. Turned green. We went forward, and then it happened."[8] Plaintiff testified that on the day of the accident he heard defendant tell the police "[t]hat he [defendant] was switching lanes going through the intersection, and he was looking back and never saw us pull out and didn't know there was a red light and never even hit his brakes, and T-boned us."[9] Plaintiff testified that he did not think defendant ran the right light on purpose.[10]

---

[4] Id. at ¶ 4.

[5] Id. at ¶ 5.

[6] Id. at ¶ 6.

[7] Id. at ¶ 7.

[8] Videotaped Videoconference Deposition of Robert Jenkins at 29:23-25, Exhibit 1, Plaintiff's Opposition [etc.], Docket No. 17.

[9] Jenkins Deposition at 96:22-25, Exhibit B, Memorandum in Support of Defendant's Motion to Dismiss Punitive Damages Claim, Docket No. 13.

[10] Id. at 97:4-7.

-2-

Plaintiff commenced this action on March 13, 2020. In his complaint, plaintiff alleges that at the time of the accident, defendant was operating his vehicle "negligently and/or gross negligently and/or recklessly. . . ."[11] Plaintiff alleges that defendant violated AMC 9.14.040(A)(3)(a) when he ran the red light.[12] Plaintiff seeks compensatory and punitive damages.[13]

Defendant now moves to dismiss plaintiff's claim for punitive damages.

Discussion

Although defendant labeled the instant motion as a motion to dismiss, it must be treated as a motion for partial summary judgment as defendant has answered plaintiff's complaint and both parties offer evidence beyond the pleadings. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most

---

[11]Complaint at 1, ¶ 3, Exhibit A, Notice of Removal, Docket No. 1.

[12]Id. at 3, ¶¶ 16-17.

[13]Id. at ¶¶ 19-20.

-3-

favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Services, Inc., 900 F.3d 623, 628–29 (9th Cir. 2018) (quoting T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Under Alaska law, "[t]o recover punitive damages, 'the plaintiff must prove by clear and convincing evidence that the defendant's conduct was outrageous, such as acts done with malice, bad motives, or reckless indifference to the interests of another.'" Robles v. Shoreside Petroleum, Inc., 29 P.3d 838, 846 (Alaska 2001) (quoting Chizmar v. Mackie, 896 P.2d 196, 210 (Alaska 1995)). In his opposition, plaintiff indicates that he is proceeding on a theory that, at the time of the accident, defendant was acting with reckless indifference to the interests of others.

> "Conduct cannot be in reckless disregard of the safety of others unless the act or omission is itself intended, notwithstanding that the actor knows of facts which would lead any reasonable man to realize the extreme risk to which it subjects the safety of others. It is reckless for a driver of an automobile intentionally to cross a through highway in defiance of a stop sign if a stream of vehicles is seen to be closely approaching in both directions, but if his failure to stop is due to the fact that he has permitted his attention to be diverted so that he does not know that he is approaching the crossing, he may be merely negligent and not reckless."

-4-

Hayes v. Xerox Corp., 718 P.2d 929, 935 (Alaska 1986) (quoting Restatement (Second) of Torts § 500 comment (b) (1964)) (emphasis omitted). "'If there is no evidence giving rise to an inference of actual malice, or reckless indifference equivalent to actual malice, the trial court need not submit the issue of punitive damages to the jury.'" Hagen Ins., Inc. v. Roller, 139 P.3d 1216, 1225 (Alaska 2006) (quoting Robles, 29 P.3d at 845).

Defendant argues that the undisputed evidence establishes that he was not acting in reckless disregard to the rights of others at the time of the accident. Plaintiff, however, argues that there are questions of fact as to whether defendant was acting in reckless disregard to the rights of others at the time of the accident. Plaintiff contends that federal guidelines recommend that yellow lights last for 3 to 6 seconds, which plaintiff argues means that defendant disregarded how the traffic light cycled from green to yellow for that length of time prior to turning red. Plaintiff also points out that the vehicle he was in was at a complete stop at the red light, which he argues means it would have taken additional time for them to pull into the intersection after their light turned green. Plaintiff also offers a photo of the vehicle he was in which shows that the damage was to the driver's door rather than at the very front of the vehicle,[14] which plaintiff argues "implies more time [was] required to pull out into the intersection after the light turned green."[15] Plaintiff also offers a Google

---

[14]Exhibit 2, Plaintiff's Opposition [etc.], Docket No. 17.

[15]Plaintiff's Opposition [etc.] at 2, Docket No. 17.

map photo of the intersection,[16] which he argues shows a long, straight roadway before the intersection. Plaintiff argues that this evidence, viewed in the light most favorable to him, at least suggests that defendant may have been acting recklessly at the time of the accident because he may have had more time to react to the light changing than he is now contending.

Plaintiff has not offered any evidence that creates a question of fact as to whether defendant was acting recklessly at the time of the accident. Plaintiff has not offered any evidence as to how long it took for the traffic light at the intersection of 5th Avenue and Reeve Circle to cycle from green to red or red to green. Although plaintiff has cited to the Manual on Uniform Traffic Control Devices as to the recommended time of 3 to 6 seconds, plaintiff did not offer a copy of the Manual as an exhibit. Moreover, plaintiff has offered no evidence as to what the <u>actual</u> cycle time of the traffic light in question was or any evidence that suggests that the recommended time of 3 to 6 seconds would have been appropriate for that intersection. Because there is no evidence as to how long it actually took the light in question to cycle, plaintiff's theory that defendant may have had more time to react to the changing light than he contends is nothing more than speculation.

The undisputed evidence shows that, at the time of the accident, defendant was attempting to change lanes and while making efforts to clear his blind spot, he failed to notice that the traffic light had turned red. While defendant may have been distracted or inattentive at the time of the accident, there is no evidence that he intentionally ran the red

---

[16]Exhibit 4, Plaintiff's Opposition [etc.], Docket No. 17.

light. As Hayes, 718 P.2d at 935, makes clear, in order for this to be a punitive damages case, something more than distraction or inattention on the part of defendant is needed. There must be some evidence that suggests that defendant intentionally ran the red light. Here, there is no such evidence. In fact, plaintiff himself testified that he did not think defendant intentionally ran the right light. Because there is no evidence that defendant was acting in reckless disregard to the safety of others at the time of the accident, defendant is entitled to summary judgment on plaintiff's claim for punitive damages.

## Conclusion

Defendant's motion to dismiss plaintiff's punitive damages claim is granted.[17] Plaintiff's claim for punitive damages is dismissed with prejudice.

DATED at Anchorage, Alaska, this 26th day of January, 2021.

/s/ H. Russel Holland
United States District Judge

---

[17] Docket No. 12.