WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT JENKINS,              )
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
RUSSELL RICHARDSON,          )
                             )      No. 3:20-cv-0086-HRH
            Defendant.       )
_____)


O R D E R

Motion in Limine; Opinions of Treating Physicians

Defendant moves for an order precluding plaintiff's treating physicians from offering opinions other than those expressed in their medical records.[1] The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Rule 26(a)(2)(B) requires that retained experts prepare and disclose a written report. Experts who are <u>not</u> retained – in particular treating physicians – are not required to prepare and disclose a written report. However, parties are required to make a disclosure of non-retained experts stating:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

---

[1]Docket No. 27.

[2]Docket No. 28.

ORDER – Motion in Limine; Opinions of Treating Physicians                    - 1 -

Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii). "[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011).

Defendant argues that the only medical opinions that plaintiff has disclosed for purposes of this case are those which are contained in his treating provider's medical records. Plaintiff argues that there is a significant difference between restricting doctors to opinions formed during their course of treatment, and restricting a treating physician to what is written in the patient's medical records. Plaintiff has the better of this disagreement. Goodman restricts the testimony of treating physicians to those opinions "formed during the course of treatment," id., and that is different from what the treating physician has happened to reduce to writing in plaintiff's medical records. But, because of the requirements of Rule 26(a)(2)(C), our inquiry does not end with the conclusion that a treating physician may offer opinions which were formed in the course of a plaintiff's treatment.

As set out above, plaintiff was required to disclose the subject matter on which treating physicians were expected to present evidence and a summary of the facts and opinions as to which the witnesses expected to testify. The court interprets Rule 26(a)(2)(C) to require these disclosures as to each non-retained expert witness.

Plaintiff has served and filed his final witness list and "other expert opinion testimony summary".[3] Plaintiff's witness list does not include a discrete, witness-by-witness disclosure of the subject matter or the facts and opinions which each non-retained (treating physician)

---

[3]Docket No. 14 at 1.

witness would offer. Instead, plaintiff's witness list incorporates a "one-size-fits-all" statement that MDs and other health care providers will give expert opinions

> in accord with the medical records produced, and give "other expert opinions", as well, as to causation, history, prognosis, future medical treatment, and issues regarding whether any medical treatment or bill in this case is reasonable and necessary[.[4]]

Plaintiff's "other expert opinions" statement may be an adequate statement of the subject matter as to which witnesses are expected to present evidence, but plaintiff's witness list totally fails to provide defendant with a disclosure of the "summary of the facts and opinions" to which each expert witness is expected to testify.

As a consequence, and for lack of the requisite disclosure of facts regarding treating physicians' other expert opinions, the constraint of Rule 37(c)(1), Federal Rules of Civil Procedure, applies. Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."

> Several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence.

Silvagni v. Wal–Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017).

Although plaintiff did not address any of these factors in his opposition to the instant motion, plaintiff does state that "there were only a few treating doctors central to disputed matters in this case, like Dr. Tobin and Dr. Poletti whose opinions are also known to"

---

[4]Id. at 1-2.

ORDER – Motion in Limine; Opinions of Treating Physicians        - 3 -

defendant.[5]  Plaintiff appears to be implying that defendant would not be surprised or prejudiced if Dr. Tobin and Dr. Poletti were allowed to offer their other opinions.  But given that plaintiff has not provided any corroboration for his representation that defendant was aware of these other opinions by Dr. Tobin and Dr. Poletti, the court cannot conclude that defendant would not be surprised or prejudiced if these two doctors were to offer such opinions at trial.  Because discovery is complete and the parties have certified that this case is ready for trial,[6] this prejudice to defendant could not easily be cured.  The testimony of plaintiff's treating physicians will therefore be restricted to medical opinions contained in the treating physicians' disclosed medical records.

Defendant's motion <u>in</u> <u>limine</u> seeking to preclude plaintiff's treating physicians from testifying as to opinions not expressed in their records is granted.

DATED at Anchorage, Alaska, this 23rd day of June, 2021.

/s/   H. Russel Holland
United States District Judge

---

[5] Plaintiff's Opposition [etc.] at 4, Docket No. 28.

[6] Docket No. 23.